IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**JOSEPH O. JOHNSON,**

    Petitioner,

vs.                                                          Case No. 5:05cv58-RH/WCS

**STATE OF FLORIDA,**

    Respondent.

    _____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Pending is a motion to dismiss Petitioner's 28 U.S.C. § 2254 petition as untimely. Doc. 11.  The petition is untimely, and the motion to dismiss should be granted.

**Procedural History of this Case**

Petitioner filed a "motion for probable cause for 28 U.S.C. habeas corpus."  Doc. 1.  The motion was denied as a motion for appointment of counsel, and Petitioner was directed to submit a 28 U.S.C. § 2254 form petition.  Doc. 3.  Petitioner filed a § 2254 petition and memorandum.  Docs. 4 and 5.  The court granted leave to proceed in forma pauperis, and directed Respondent to file an answer or other response.  Doc. 8.

Respondent filed a motion to dismiss the petition as untimely. Doc. 11. Petitioner filed a response. Doc. 12.

The court's initial order noted that the § 2254 petition could be untimely. Doc. 3 (incorporated by reference). As set forth there, a prior § 2254 petition was dismissed to allow Petitioner to exhaust state court remedies in case number 5:97cv173-RV/MD (hereafter referenced as "closed case" or by the case number). That case is discussed further ahead.

Petitioner was advised:

> There is a one year limitations period for filing a § 2254 petition, which generally runs from the date on which the judgment at issue became final by the conclusion of direct review or the expiration of time for seeking direct review. § 2244(d)(1).[1] The one year period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2). The time may also be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004) (citation omitted, emphasis in original).
>
> > [1] The limitations period runs from the latest of the following: the date on which the judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. § 2244(d)(1)(A)-(D).

Doc. 3, pp. 2-3. Petitioner was directed to submit any argument relevant to the timeliness issue along with his petition. *Id.*, p. 3.

In response to the order, Petitioner submitted his § 2254 form petition and a memorandum of law. Docs. 4 and 5. He challenges his 1987 conviction following a no contest plea in the Circuit Court in Bay County. He claims that his plea was not

knowing and voluntary, and he was denied the right to appeal, because he was denied his transcripts due to discrimination based on poverty. Doc. 4, pp. 4-5 (and pages attached). He asks that his unlawful plea be vacated, and a new trial ordered to "end (18) eighteen years of petitioner being held illegally and against his will for a crime he is not guilty of [committing]." *Id.*, p. 6.

In his memorandum, Petitioner asserts that he is indigent and mentally disabled, that his plea was induced by unidentified promises which were not kept, and that he was denied an appeal, transcripts, and effective assistance of counsel. Doc. 5, pp. 2-3. He claims that he was not given the chance to withdraw his plea, given time to discuss the plea with counsel, and the plea was not signed in open court, all in violation of the Florida Rules of Criminal Procedure. *Id.*, p. 4. Petitioner alleges that his counsel caused him to incriminate himself, and lied to him, and that after the plea was made "the sentence was change [sic] on paper to the aforenamed courts [presumably counts] and life sentences." *Id.*, p. 7. He asserts that the three public defenders assigned to the case refused to appeal, and refused for 18 years to surrender the transcripts to enable Petitioner to perfect and litigate an appeal. *Id.* He asserts that he petitioned the court for a copy of the trial transcripts but the court denied this basic right to appeal. *Id.* Petitioner asserts discrimination based on cerebral palsy and partial mental retardation which he has had from birth. *Id.*, p. 9. He claims that he was taken advantage of in the plea process, as he was presented with a sentence of 9-12 years and then the sentence was changed to three life sentences. *Id.*

In directing a response to the petition, the court noted:

> Petitioner has not addressed specifics relevant to the timeliness issue, such as tolling or later possible commencement dates for the one year period. In his supporting memorandum, Petitioner does indicate that he has been denied his transcripts for some 18 years, and that he suffers from cerebral palsy and mental retardation. Doc. 5, pp. 7 and 9. He seeks an appeal, relief from his sentence, and appointment of counsel due to physical and mental disability. *Id.*, p. 10.
>
> In an abundance of caution, the petition will now be served as set forth below. Respondent has access to the records, and is better able to address (and document) the timeliness issue, other procedural defenses, the merits, and Petitioner's current ability to represent himself in this habeas proceeding.

Doc. 8, pp. 1-2. The order provided that if a procedural argument was raised, Respondent could defer a response to the merits of the petition. *Id.*, p. 2.

Respondent filed a motion to dismiss the petition as untimely supported by exhibits. Doc. 11. Respondent also references exhibits which were attached to doc. 15 in the closed case. Doc. 11, p. 2, n. 1. The court has obtained that file from archives, and the exhibits to doc. 15 in the closed case will be filed as an attachment to this report and recommendation.[1] Unless otherwise noted, references to numbered exhibits (1-5) are to those attached to doc. 11, and references to lettered exhibits (A-I) are to those attached to this recommendation.

In response to the motion to dismiss, Petitioner again fails to include any specifics – such as tolling or later possible commencement dates – relevant to the timeliness issue. Instead, he repeats the allegations in support of his claim for § 2254

---

[1] The exhibits were marked by tabs that do not appear on the photocopies. The court has therefore marked the exhibit letters (A-I) on the bottom right corner of these exhibits. In the future, if exhibits in a prior case are not available on the electronic docket, Respondent should supply paper or electronic copies if available to Respondent, particularly for an older file that has been sent to archives.

Case No. 5:05cv58-RH/WCS

relief, most particularly his claim that he was refused a transcript that he could not afford. Doc. 12.

**Procedural History Prior to the Filing of the Current Case**

Petitioner was charged with burglary of a dwelling, kidnapping of a child under age 13, sexual battery and attempted sexual battery on a child under the age of 12, and committing a lewd and lascivious act on a child. Ex. A. The offenses were charged to have occurred between and including the dates of May 18 and 19, 1986. *Id.* It was charged that at the time of the offense, Petitioner was eighteen years or older and the victim was four years of age. *Id.*

Petitioner entered a plea of nolo contendere. The record reflects that at the time of his guilty plea on February 6, 1987, Defendant was 20 years old. Ex. B.

In March of 1987, Petitioner was sentenced to three concurrent terms of life and a concurrent term of ten years. Ex. C; Ex. 1 (sentence docketed on March 31, 1987).

Petitioner was adjudicated insolvent for purposes of appeal. Ex. 1 (docket entry of May 15, 1987). A motion for mitigation of sentence was filed the same day, but it is not clear that the motion was ever ruled on unless it was addressed in that order. *Id.*

After a "nolle pros letter filed" on September 2, 1987,[2] the next docket entry in the state court case was Petitioner's motion for trial transcript at state expense. Ex. 1 (docket entries of September 2, 1987, and May 7, 1990); Ex. D (copy of motion mailed on May 4, 1990). As the time for appeal had expired the trial court found it had "lost

---

[2] The plea agreement provided: "State to nol prosse [sic] the following at sentencing: Attempted Sexual Battery on a Child," which was charged in count four. Ex. B, p. 2 and Ex. A, p. 2, respectively.

Case No. 5:05cv58-RH/WCS

jurisdiction to enter an order at this late date for a 'trial transcript at state expense.'"  Ex. E.  The motion was therefore denied.  *Id.*

Nothing appears on the state court docket between the denial of that motion on July 19, 1990, and the filing of Petitioner's next motion for trial transcript at state expense filed on December 6, 1995.  Ex. 1; Ex. F (copy of motion).[3]  The motion was denied by order of April 23, 1996.  Ex. G.  The court noted it was a 1986 case, with no appeals or other motions pending.  *Id.*  Petitioner's claim that the transcript was needed "'to decide claims charging violations of appellant's constitutional rights including claims of due process violations and ineffective assistance of counsel'" (quoting Petitioner's motion), was a "request for a transcript with the purpose of going on a fishing expedition."  *Id.*  Petitioner appealed this order.  Ex. H.[4]  The appeal was dismissed for lack of jurisdiction on April 3, 1997.  Ex. I.  Further review was denied and the record was returned.  Ex. 1, docket entries of May 9, and September 9, 1997.

Petitioner filed a pro se notice of appeal on February 6, 1998.  Ex. 1, docket entry of that date.  An order of insolvency was issued but the petition was ultimately dismissed and further review denied.  Ex. 1, docket entries from March 23 to October 6, 1998.

---

[3] The motion itself was not dated by Petitioner, but the postmark on the envelope is dated December 4, 1995.  Ex. F, p. 3.

[4] The docket reflects that an order of indigency was entered for the appeal, and thereafter the "pro se appeal completed & mailed $528 J. Johnson."  Ex. 1, docket entries of October 22 and 31, 1996, respectively.  It is not clear what the second of the two entries represents.

Case No. 5:05cv58-RH/WCS

In his closed case in this court, Petitioner filed a motion to invoke discretionary jurisdiction on October 20, 1998. Doc. 21 in 5:97cv173-RV/MD.[5] He asked this court to reverse the state court's dismissal of his belated appeal, attaching the order of the First District Court of Appeal filed August 28, 1998, and the order of the Florida Supreme Court of October 5, 1998. *Id.* and attachments. Also attached to the motion was a copy of the motion to dismiss without prejudice (resulting in dismissal of the case), which indicated Petitioner would seek a belated appeal in state court. *Id.*

The motion to invoke discretionary jurisdiction was denied, and Petitioner advised that if he had exhausted state remedies, he should file a motion to re-open his habeas case. Docs. 22 and 23 in 5:97cv173-RV/MD (report and recommendation as adopted on December 17, 1998).

Petitioner then filed a notice of appeal to re-open state habeas corpus case. Doc. 25 in 5:97cv173-RV/MD. The certificate of service is January 28, 2001, but that is clearly error: the notice was filed stamped on February 22, 2002, and envelope in which it was received (attached by the clerk to the original document), was postmarked February 21, 2002. It was transmitted to the Eleventh Circuit as a notice of appeal, and ultimately dismissed for lack of jurisdiction on May 23, 2002. Docs. 26-32 in 5:97cv173-RV/MD.

On June 18, 2002, Petitioner filed a motion to correct illegal sentence pursuant to Fla.R.Crim.P. 3.800 in state court. Ex. 2. It was denied by order of June 27, 2002. Ex. 3. Denial was affirmed on October 22, 2002, and the mandate issued on January 2,

---

[5] A copy of doc. 21 and the attached exhibits will be filed as an attachment to this recommendation.

2003. Ex. 4; *see also* Ex. 1 (docket entry of January 3, 2003). The last docket entry in the state case was return of the record from the appellate court on February 27, 2003. Ex. 1.

Meanwhile, on August 8, 2002 (after the Eleventh Circuit's dismissal of Petitioner's appeal), the magistrate judge sua sponte entered an order of clarification in the closed case. Doc. 33 in 5:97cv173-RV/MD. "As it appears petitioner may have been confused" by previous directions, it was clarified:

> If petitioner has exhausted his state court remedies, he may file a new petition for writ of habeas corpus in this court, by completing and filing the proper Northern District form. Petitioner may obtain the form from the Clerk of Court. Petitioner should not file said petition in this case; rather, he should open a new case.

*Id.*, pp. 1-2.

The next document filed in the closed case was Petitioner's notice of address change, dated February 20, 2005. Doc. 34 in 5:97cv173-RV/MD. Petitioner then submitted the initial pleading in this case, dated March 7, 2005. Doc. 1.[6]

**Legal Analysis**

Under the one year limitations period of § 2244(d), as amended effective April 24, 1996, the current petition is plainly untimely. Since Petitioner's conviction was final before the amendment, his time did not begin to run until the effective date. Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000) (allowing a one year grace period). The limitations period was tolled

---

[6] The motion for probable cause filed as doc. 1 in this case was initially filed in the closed case in error, and terminated as a pending motion in that case. 5:97cv173-RV/MD, docket annotation of March 22, 2005.

while any properly filed state application for relief was pending, but was not tolled while Petitioner's prior federal petition was pending. § 2244(d)(2); Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

A precise calculation of the commencement and tolling dates is not necessary here. It is assumed the one year did not commence until September 9, 1997 (when the state record was returned to the trial court following the appeal on the motion for trial transcript), and was tolled from February 6, 1998 (when Petitioner filed his notice seeking a belated appeal in the trial court) until October 5, 1998 (when the Florida Supreme Court denied review). Petitioner did not file anything further in state court until his Rule 3.800 motion was filed in June of 2002, and by that time there was no time left to toll.

Further, even if there was, the 3.800 motion remained pending until January of 2003, when the mandate issued on appeal. Petitioner was given clear direction from this court as late as August of 2002 that he could obtain habeas corpus forms from the clerk, and file a new habeas corpus case following exhaustion of remedies. Yet another two and a half years passed before Petitioner filed his current petition, over two years after the end of any tolling in state court.

Petitioner has not demonstrated entitlement to equitable tolling. As previously noted, for equitable tolling to apply Petitioner must establish *both* extraordinary circumstances and due diligence. Doc. 3 (*quoted supra*), quoting Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004). "Because of the difficult burden, [the Eleventh Circuit] has rejected most claims for equitable tolling." 362 F.3d 698, 701 (collecting cases, including those involving attorney delay). In Diaz, as here, a

previous § 2254 petition had been voluntarily dismissed by the petitioner.  *Id.*, at 701.  The court distinguished cases in which a district court had sua sponte recharacterized a pleading as a habeas corpus petition, and found that the petitioner was not entitled to equitable tolling because he could not establish due diligence.  *Id.*, at 701-702.  Because due diligence was not shown, the court did not address the petitioner's "suggestion that extraordinary circumstances are established here because the court addressing his initial federal habeas petition should have advised him of potential statute of limitations problems before granting his motion to voluntarily dismiss without prejudice."  *Id.*, at 702, n. 7.  While realizing "that such assistance to *pro se* litigants might be a good thing," the court also realized "the considerable burden that would be placed on busy district courts" to impose such a requirement.  *Id.*  Petitioner does not make that argument here.  Further, given the subsequent clarification by the court in the closed case and Petitioner's long period of delay thereafter, there is no showing of due diligence.  *Compare* 362 F.3d at 702 (the delay alone, for which petitioner gave no excuse, showed lack of due diligence).

  Petitioner claims in conclusory fashion that he has suffered from cerebral palsy and partial retardation from the time of his birth through the time of his plea.  He has not alleged any specific factual allegations in support of this claim or to show that this was related to his untimely filing, despite this court's order noting the timeliness issue and the standard for equitable tolling.  Doc. 3.  He has not alleged any facts to establish a connection between any alleged mental deficiencies and his ability to file a timely § 2254 petition.  *See* <u>Lawrence v. Florida</u>, 421 F.3d 1221, 1226-27 (11th Cir. 2005) (petitioner "cannot establish a causal connection between his alleged mental incapacity

and his ability to file a timely petition;" his low IQ and claim "that he has suffered from mental impairments his entire life," did not establish entitlement to equitable tolling) (collecting cases).  See also Fisher v. Gibson, 262 F.3d 1135 (10th Cir. 2001), *cert. denied*, 535 U.S. 1034 (2002) ("mere allegations of incompetency at the time of his 1992 and 1994 pleas, all of which significantly pre-date this Circuit's April 24, 1997 grace period for pre-AEDPA convictions," were not sufficient to demonstrate extraordinary circumstances) (footnote omitted).

As Petitioner has not alleged facts to support either extraordinary circumstances or due diligence, there is no colorable claim for equitable tolling.

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (doc. 11) be **GRANTED**, and Petitioner's 28 U.S.C. § 2254 petition, challenging his conviction and life sentence out of the Fourteenth Judicial Circuit, Bay County, for offenses committed on or about May 18-19, 1986, be **DISMISSED AS UNTIMELY**.

**IN CHAMBERS** at Tallahassee, Florida, on November 29, 2005.


  S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 5:05cv58-RH/WCS